IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON D. LUNDERS, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>VIKING LUMBER COMPANY, INC.,<br>an Alaska corporation; *et al.*,<br><br>          Defendant. | Case No. 3:22-cv-00157-RRB<br><br>**ORDER DISMISSING<br>PLAINTIFF'S COMPLAINT** |

      Before the Court at Docket 19 are Defendants Viking Lumber Company, Inc., an Alaska corporation, Kirk Dahlstrom, an individual, and Chris Morrow, an individual, with a Motion to Dismiss: Lack of Subject Matter Jurisdiction and Improper Venue. Defendants seek dismissal of the instant lawsuit because the forum selection clause of the parties' contract required that any disputes between the parties be litigated in the State of Alaska, First Judicial District.

      Plaintiff opposes at Docket 28, and seeks to have venue transferred from this Court to a Federal Court in the State of Idaho where he resides and where he is engaged in other "related" litigation.

      Defendants reply at Docket 29, contending that Plaintiff has failed to address the legal issues raised in the Motion to Dismiss or to explain why it would be unjust to

uphold the forum selection clause or apply Alaska law. Defendants note that the contract in question was signed in Alaska, dealt with work performed in Alaska, and specifically required the parties to resolve any disputes according to Alaska law and in the State of Alaska, First Judicial District.

The Court has reviewed all the relevant papers and case law and, noting that under Federal law forum selection clauses are "prima facie valid,"[1] concludes that no good reason exists to invalidate the forum selection clause here or to require that laws of other jurisdictions be applied.

The contract in question appears to be an arms-length contract negotiated in Alaska, by an Alaskan corporation, for work to be performed in Alaska. There is no indication of fraud or overreaching by either party. The forum selection clause appears to have been reasonable under the circumstances, and not unduly burdensome. Trial courts within the State of Alaska, and more specifically the First Judicial District, are quite sophisticated and certainly capable of addressing the instant dispute. Nor does the forum selection clause contravene Federal or State public policy. Justice, therefore, requires that the forum section clause be enforced as to all claims of Plaintiff and as to all Defendants.[2]

Therefore, for the reasons set forth above, as well as for those reasons set forth by Defendants, the Motion to Dismiss is hereby GRANTED and this matter is DISMISSED.

Further, Plaintiff's Motion for Change of Venue is DENIED AS MOOT.

---

[1] *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).
[2] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 15, (1972).

DATED this 26th day of June, 2023, at Anchorage, Alaska.

                                                */s/ Ralph R. Beistline*
                                                RALPH R. BEISTLINE
                                                Senior United States District Judge

*Lunders v. Viking Lumber Co., Inc., et al.*                                                                Case No. 3:22-cv-00157-RRB
Order Dismissing Plaintiff's Complaint                                                                              Page 3
Case 3:22-cv-00157-RRB    Document 30    Filed 06/26/23    Page 3 of 3